In the Matter of the Trustees of the SAILORS' SNUG HARBOR IN THE CITY OF NEW YORK, Respondent, *v.* GEOFFREY PLATT et al., Constituting the Landmarks Preservation Commission, Appellants, and LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Intervenor-Respondent.

First Department, March 21, 1968.

*Gerald Stern* of counsel (*Norman Redlich* and *Stanley Buchsbaum* with him on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*Francis S. Bensel* of counsel (*Frederick T. Shea, Clark J. Gurney* and *J. Portis Hicks* with him on the brief; *Kelley Drye Newhall Maginnes & Warren,* attorneys), for respondent.

*Charles A. La Torella, Jr.,* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for intervenor-respondent.

*Terence H. Benbow* for Municipal Art Society of New York, *amicus curiæ.*

STEUER, J. The respondent, Landmarks Preservation Commission, pursuant to chapter 8-A of the Administrative Code of the City of New York has determined that certain buildings owned by petitioner are of " a special character, special historical and aesthetic interest and value as part of the development, heritage and cultural characteristics of New York City." The result of such designation is that these buildings may not be reconstructed, altered or demolished by the petitioner without obtaining the permission of the respondent. Special Term entertained petitioner's article 78 proceeding to revoke the designation.

We deem certain of the basic questions raised to be no longer arguable. In this category is the right, within proper limitations, of the State to place restrictions on the use to be made by an owner of his own property for the cultural and aesthetic benefit of the community (*Matter of Cromwell* v. *Ferrier,* 19 N Y 2d 263). It is unnecessary to trace the course of judicial thinking in this field. It is now the prerogative of the State, if not its province, to so act where the conditions exist and where constitutionally guaranteed rights are not infringed.

The situation here presented is that the petitioner, Sailors' Snug Harbor, is a charitable organization whose main activity is to provide a home for retired seafaring men beyond the age of active duty. It carries out this purpose on a tract of land 80 acres in extent located on the shore of Staten Island. On this tract are five buildings fronting on the Kill Van Kull, four of which are used as dormitories for the former seamen. These are the buildings which are the subject of the respondent's determination. These buildings were built at different times, the earliest in 1830 and the latest in 1880. Petitioner asserts that for the purpose for which these buildings are being used they have largely outlived their usefulness and they can no

longer provide suitable accommodations for the elderly men quartered in them. Petitioner intends to replace them with more modern and adequate structures, and feels it would be remiss to its trust to fail to do so. In marked contrast to the accommodations provided by the interiors of the buildings is the effect produced by their exteriors. The proof showed that as a group these buildings were one of the two best examples of Greek Revival architecture in the country and, as such, part of the aesthetic heritage of the nation.

Conceding the validity of regulation, the question presented is whether in the particular instance regulation goes so far that it amounts to a taking (*Pennsylvania Coal Co.* v. *Mahon*, 260 U. S. 393, 415). If it does, it is constitutionally prohibited (*Vernon Park Realty* v. *City of Mount Vernon*, 307 N. Y. 493, 498). Chapter 8-A provides some guidelines as to what constitutes an undue burden on commercial realty and provides relief in such instances (§ 207–8.0, subd. a). However, the corresponding provisions in regard to property devoted to charitable uses are limited to the instance where the institution desires to alienate the property by sale or lease (§ 207–8.0, subd. a, par. [1], subpar. [b], cl. [2]). We agree with Special Term that this does not render the statute unconstitutional. It must be interpreted as giving power to the commission to provide relief in the situation covered by the statute, but not restricting the court from so doing in others. The criterion for commercial property is where the continuance of the landmark prevents the owner from obtaining an adequate return. A comparable test for a charity would be where maintenance of the landmark either physically or financially prevents or seriously interferes with carrying out the charitable purpose. In this instance the answer would depend on the proper resolution of subsidiary questions, namely, whether the preservation of these buildings would seriously interfere with the use of the property, whether the buildings are capable of conversion to a useful purpose without excessive cost, or whether the cost of maintaining them without use would entail serious expenditure — all in the light of the purposes and resources of the petitioner. Special Term fully appreciated these criteria of judgment but was not supplied with sufficient facts, as distinct from argument, on which to render a satisfactory determination. In the interest of justice we remand the matter for further consideration on these factual questions.

The order granting the petition should be reversed, on the law and in the exercise of discretion, and the matter remanded for the taking of further testimony, with costs to abide the event.

BOTEIN, P. J., STEVENS, McGIVERN and McNALLY, JJ., concur.

Order and judgment (one paper) unanimously reversed, on the law and in the exercise of discretion, with $50 costs and disbursements to abide the event, and the matter remanded for the taking of further testimony.