■ JACK G. LUBELLE, Petitioner, v CITY OF ROCHESTER, Respondent.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: Petitioner challenges the acquisition by the City of Rochester of his property at 127, 131 and 133 South Fitzhugh Street in the Corn Hill District. Petitioner is the sole owner of the Hoyt-Potter House at 133 South Fitzhugh as well as the vacant lots, now used for parking, at 127 and 131. The Hoyt-Potter House was built in 1840 in the Greek Revival style, and, in 1972, it was declared a landmark by the Preservation Board; that status was confirmed by the Planning Commission. Petitioner contends that the taking of 127 and 131 is excessive and thus unconstitutional, and that the entire taking will not serve a public use, benefit or purpose *(see,* EDPL 207 [C] [1], [4]).

The scope of our review is narrow (EDPL 207 [C]). There is no merit to petitioner's claim that taking the vacant lots was excessive and unconstitutional. Where the exercise of the eminent domain power is rationally related to a conceivable public purpose, the due process requirements of the Constitution are satisfied *(Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 425).

Further, there is no dispute that historic preservation serves a public purpose *(see, Matter of Trustees of Sailors' Snug Harbor v Platt,* 29 AD2d 376), and whether the benefit of rehabilitating the historic building is worth its cost is a matter for the City Council to determine. Petitioner will receive just compensation and he cannot be heard to complain that achieving preservation of a historic building will be

difficult or expensive. (Original proceeding pursuant to Eminent Domain Procedure Law.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.