JACK G. LUBELLE, Appellant, v ROCHESTER PRESERVATION BOARD et al., Respondents.—

Plaintiff failed to establish that the city's landmark restrictions either deprived him of "economically viable use of his property" or failed to "substantially advance legitimate State

interests" *(Seawall Assocs. v City of New York,* 74 NY2d 92, 107, *cert denied sub nom. Wilkerson v Seawall Assocs.,* — US —, 110 S Ct 500). Plaintiff did not present "dollars and cents" proof that the property would not be capable of producing a reasonable return under the landmark regulations *(see, de St. Aubin v Flacke,* 68 NY2d 66, 77; *Spears v Berle,* 48 NY2d 254, 263), but relied instead on evidence that the parcel would have been more profitable as a public parking lot, which is not a permitted use under the city's zoning ordinance (Code of City of Rochester § 115-78). Even assuming that plaintiff had obtained a variance for his proposed use, he is not constitutionally entitled to the most beneficial use of his property *(see, Andrus v Allard,* 444 US 51, 66; *Matter of Society for Ethical Culture v Spatt,* 51 NY2d 449, 456, *rearg dismissed* 52 NY2d 1073).

There is no question that the city's landmark regulations, which restricted plaintiff's right to demolish the Hoyt-Potter House, substantially advance the city's legitimate interest in preserving historically and architecturally significant buildings *(see, Penn Cent. Transp. Co. v New York City,* 438 US 104, 134, *reh denied* 439 US 883). Nothing in the record suggests that the designation of the Hoyt-Potter House as a landmark was unreasonable, and the defendants' decision to protect it should therefore be upheld *(Matter of Society for Ethical Culture v Spatt, supra,* at 454).

In light of the city's subsequent condemnation of the property, plaintiff's challenge to that portion of the order denying his request for permission to demolish the building is moot *(see, Lubelle v City of Rochester,* 145 AD2d 954, *lv denied* 74 NY2d 601). (Appeal from order and judgment of Supreme Court, Monroe County, Cornelius, J.—declaratory judgment.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.