*445 OPINION OF THE COURT
Scott Fairgrieve, J.
The petitioner, AJM RE Holdings VIII, LLC, commenced this holdover proceeding to recover possession of the premises located at 8 McGann Drive, Rockville Centre, New York. The petitioner seeks a final judgment of possession and warrant of eviction, along with a money judgment for the fair value of respondents’ use and occupancy of the premises in the amount of $4,500 per month with interest from January 31, 2013 until possession is recovered. On February 23, 2013, a 10-day notice to quit was served upon Christopher Córtese also known as Christopher J. Córtese, Julie Córtese also known as Julia M. Córtese, and “any and all occupants” by way of “nail and mail” service, along with follow-up mailings. Thereafter, on March 21, 2013, the notice of petition and petition was served upon Christopher Córtese also known as Christopher J. Córtese by personal delivery; Julie Córtese also known as Julia M. Córtese by suitable age and discretion serving Christopher Córtese, her husband, along with a mailing on March 22, 2013; and upon “John Doe” and “Jane Doe” by suitable age and discretion serving Christopher Córtese, a cotenant, along with a mailing on March 22, 2013 in accordance with RPAPL 735.
The respondents move to dismiss the instant holdover proceeding pursuant to CPLR 3211 (a) (1), (3), (7); 402 and 404, upon the grounds that the petitioner is not the owner of the subject premises. In the alternative, the respondents move pursuant to CPLR 326 (a), staying the proceedings for the purpose of obtaining a removal order from the Nassau County Supreme Court to an action pending between the parties under index No. 1950/13. The petitioner submits opposition and the respondents submit a reply.
The respondents argue that the petitioner did not lawfully acquire title to the subject premises and is, therefore, not a proper party in these proceedings. In addition, the respondents claim that the petitioner’s reliance on RPTL 1454 is incorrect as the section was repealed by the New York State Legislature in the 1990s. In opposition, the petitioner argues that the respondents’ arguments are without merit.
The petitioner relies on RPAPL 713 (4) to maintain the instant summary proceeding. Pursuant to RPAPL 713, entitled “Grounds where no landlord-tenant relationship exists,” an individual may maintain a summary proceeding upon a tax deed, after a 10-day notice to quit has been served upon the respon *446 dent in the manner prescribed in section 735. RPAPL 713 (4) reads as follows:
“4. The property has been sold for unpaid taxes and a tax deed has been executed and delivered to the purchaser and he or any subsequent grantee, distributee or devisee claiming title through such purchaser has complied with all provisions of law precedent to the right to possession and the time of redemption by the former owner or occupant has expired.”
In order to maintain the proceeding pursuant to RPAPL 713 (4), the petitioner must allege and prove:
“(1) that the real property involved has been sold for unpaid taxes;
“(2) that a tax deed was executed and delivered to the purchaser;
“(3) that the petitioner is the purchaser or a subsequent grantee, distributee, or devisee claiming through such purchaser;
“(4) that the petitioner has complied with all provisions of law precedent to the right of possession; and
“(5) that the time of redemption by the former owner or occupant has expired.” (89 NY Jur 2d, Real Property — Possessory Actions § 9.)
The petitioner maintains that the premises were transferred to the petitioner’s predecessor, AJM Capital, LLC, by tax deed, dated January 31, 2013 and recorded in the Nassau County Clerk’s office on February 1, 2013. Thereafter, AJM Capital, LLC, conveyed the premises to the petitioner by deed dated January 31, 2013 and recorded in the Nassau County Clerk’s office on February 1, 2013.
The petitioner alleges that it has complied with all provisions of law precedent to the right of possession. The petitioner acknowledges that article 14, title 3 of the RPTL, sections 1450-1464, which allowed villages to conduct tax lien sales and convey properties by tax deed, was repealed by the New York State Legislature pursuant to chapter 602 of the Laws of 1993. However, that same law authorized a village to adopt a local law allowing it to continue to enforce tax liens pursuant to the repealed article 14, title 3 sections. Chapter 602 of the Laws of 1993, § 6 (c), reads as follows:
“A village which conducted a tax sale in 1993 pur *447 suant to section 1454 of the real property tax law is hereby authorized to adopt a local law without referendum, no later than September 1, 1994, providing that the collection of taxes that shall become liens on or after January 1, 1995 and on or before December 31, 2015 shall be enforced pursuant to title 3 of article 14 of the real property tax law, as the same shall have been in effect on the last day preceding the effective date of this act. A copy of such local law shall be filed with the state board of equalization and assessment no later than October 1, 1994.”
In addition, effective January 1, 1995, article 11, specifically, RPTL 1104, also allowed a municipality to continue to be governed by article 14, by allowing the municipality to “opt out” of the article 11 in rem procedure. Code of the Village of Rockville Centre § 294-8 was adopted on August 29, 1994, which reads as follows:
“Pursuant to Section 6 of Chapter 602 of the Laws of 1993, as amended by a chapter of the Laws of 1994 as proposed in legislative bill number S. 8560-A, [Editor’s Note: See now L. 1994, c. 532] the Village of Rockville Centre hereby enacts a local law, not subject to referendum, to provide that the collection of property taxes shall continue to be enforced pursuant to Title 3 of Article 14 of the Real Property Tax Law, as is in effect on December 31, 1994.”
The instant tax sale was enforced pursuant to the Code of the Village of Rockville Centre § 294-8. As such, the tax sale must comply with the requirements of Real Property Tax Law, article 14, title 3. Here, the petitioner has alleged sufficient facts and annexed sufficient documentation to establish compliance with all provisions of law precedent to the right of possession and that the time of redemption by the former owner or occupant has expired (RPTL 1450-1464).
Accordingly, the respondents’ motion to dismiss is denied in its entirety. The portion of the respondents’ motion for a stay of the instant proceeding for the purpose of obtaining a removal order from the Nassau County Supreme Court is denied. The respondents fail to provide this court with any basis as to why they are entitled to such relief, nor have they explained why they have not applied for such relief in the Nassau County Supreme Court.