■ JOEL FRIEDBERG TRUSTEE, Also Known as JOEL FRIEDBERG, Respondent, v METAGLO, INC., et al., Defendants, and VILLAGE OF MAMARONECK et al., Appellants. [991 NYS2d 449]—

In an action to foreclose a tax lien certificate dated March 8, 2006, the Village of Mamaroneck and the Town of Mamaroneck separately appeal from (1) an order of the Supreme Court, Westchester County (Smith, J.), dated May 1, 2012, which, in effect, granted the plaintiff's motion for leave to amend a judgment of foreclosure and sale of the same court dated February 7, 2012, to include a provision directing that all liens, taxes, and assessments prior in time to the subject tax lien certificate, for which the amount bid at the foreclosure auction was insufficient to cover, be extinguished upon transfer of the referee's deed, and (2) an amended judgment of foreclosure and sale of the same court, also dated May 1, 2012, which, upon the order, directed that all liens, taxes, and assessments prior in time to the subject

tax lien certificate, for which the amount bid at the foreclosure auction was insufficient to cover, be extinguished upon transfer of the referee's deed.

Ordered that the appeals from the order are dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from the order are brought up for review and have been considered on the appeal from the amended judgment (*see* CPLR 5501 [a] [1]).

Title 3 of article 14 of the Real Property Tax Law, which had previously allowed villages to conduct tax lien sales and convey parcels of real property by tax deed, was repealed by the New York State Legislature pursuant to chapter 602 of the Laws of 1993. However, that same law authorized a village to adopt a local law allowing it to continue to enforce tax liens pursuant to the otherwise repealed sections of RPTL article 14, title 3. The law provided, in pertinent part, that "[a] village which conducted a tax sale in 1993 pursuant to [RPTL 1454] is hereby authorized to adopt a local law without referendum, no later than September 1, 1994, providing that the collection of taxes that shall become liens on or after January 1, 1995 and on or before December 31, 2015 shall be enforced pursuant to title 3 of article 14 of the [RPTL], as the same shall have been in effect on the last day preceding the effective date of this act" (L 1993, ch 602, § 6, as amended by L 1994, ch 532, § 9, as amended by L 2012, ch 154, § 1). The Village of Mamaroneck took advantage of Laws of 1993, chapter 602, § 6, as amended, and, in August 1994, adopted Local Law No. 7-1994, which provides that "[p]ursuant to Section 6 of Chapter 602 of the Laws of 1993, as amended by a chapter of the laws of 1994, as proposed in Legislative Bill No. S. 8560-A, the Village of Mamaroneck hereby acts by local law, not subject to referendum, to provide that the collection of property taxes shall continue to be enforced pursuant to Title 3 of Article 14 of the Real Property Tax Law, as is in effect on December 31, 1994" (Code of Village of Mamaroneck § 304-24).

Pursuant to Local Law No. 7-1994, the Village continued to conduct tax lien sales in accordance with the provisions of former RPTL 1454. In March 2006, at one such sale, the plaintiff purchased the tax lien certificate that is the subject of this ac-

tion, which is referable to premises situated within the Village. The certificate specifically provided that the purchaser, in the event that the premises were not timely redeemed, could either complete the purchase and take a conveyance of the premises, as provided by former RPTL 1464, or could commence an action to foreclose the lien, as provided by former RPTL 1458. When the premises were not timely redeemed, the plaintiff commenced the instant action to foreclose on the lien, naming, as defendants, among others, the Village and the Town of Mamaroneck, both of which held various tax liens against the premises, including some that date back to the mid-1990s.

On May 1, 2012, the Supreme Court entered an amended judgment of foreclosure, directing the premises to be sold at public auction. That amended judgment of foreclosure included a provision that directed the referee to pay, from the proceeds of the sale, and in order of their priority under RPTL 912, the taxes, assessments, unpaid tax liens, water rents, and sewer rents that lawfully had accrued. That same provision, however, also specified that "all liens, taxes, and assessments that are prior in time and thus inferior to the date of the sale of the tax lien foreclosed in this action and for which there are no remaining proceeds from the sale, shall be extinguished by this foreclosure action and not remain as liens upon the premises once the referee's deed has been tendered and all surplus distributed." In including this provision, the Supreme Court acknowledged that the subject property had accrued liens that exceeded the value of the property and that, as such, the proceeds from the sale would be insufficient to satisfy all of the open liens. The Village and the Town separately appeal.

Contrary to the contentions raised by the Village and the Town, the Supreme Court did not exceed its authority in including the provision directing that certain open liens be extinguished upon transfer of the referee's deed. Former RPTL 1458 (8), which applies to the liens claimed by the Village here, authorizes the court to "direct the cancellation or satisfaction of record of any liens of any kind or nature whatever of any of the parties to the action" (former RPTL 1458 [8]). While some of the junior tax liens held by the Village or the Town might be extinguished as a result of the challenged provision, they could have avoided this result, as correctly noted by the Supreme Court, by commencing their own foreclosure actions or proceedings, which they failed to do. Moreover, under the circumstances presented here, the challenged provision helps ensure that the subject property is transferable, and that it will return to the active tax roll, as the provision makes clear to any potential

purchaser that the title acquired will be free of any prior claims or encumbrances (*see generally Melahn v Hearn*, 60 NY2d 944, 946 [1983]; *Mittelmark v County of Saratoga*, 85 AD3d 1359 [2011]; *First Natl. Bank of Downsville v Atkin*, 279 AD2d 779 [2001]; *Borisenok v Hug*, 212 AD2d 282 [1995]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for leave to amend the judgment of foreclosure and sale to include the disputed provision. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.