Matter of Campaign for Buffalo History Architecture & Culture, Inc. v City of Buffalo (2018 NY Slip Op 02092)





Matter of Campaign for Buffalo History Architecture & Culture, Inc. v City of Buffalo


2018 NY Slip Op 02092


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


382 CA 17-01301

[*1]IN THE MATTER OF CAMPAIGN FOR BUFFALO HISTORY ARCHITECTURE & CULTURE, INC., PETITIONER-PLAINTIFF-APPELLANT,
v
CITY OF BUFFALO, THE CROSBY COMPANY, AND ELLICOTT DEVELOPMENT CO., RESPONDENTS-DEFENDANTS-RESPONDENTS. 






LIPPES & LIPPES, BUFFALO (RICHARD J. LIPPES OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (JESSICA M. LAZARIN OF COUNSEL), FOR RESPONDENT-DEFENDANT-RESPONDENT CITY OF BUFFALO.


 Appeal from a partial order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered September 21, 2016 in a hybrid CPLR article 78 proceeding and declaratory judgment action. The partial order and judgment denied the petition/complaint with respect to respondent-defendant Ellicott Development Co. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: The challenge of petitioner-plaintiff (petitioner) to the determination of the Common Council of respondent-defendant City of Buffalo is moot because petitioner did not seek any injunctive relief from this Court during the pendency of this appeal, and the subject building has been demolished (see Citizens for St. Patrick's v City of Watervliet City Council, 126 AD3d 1159, 1160 [3d Dept 2015]; Solow v Imre Beauty Salon, 34 AD2d 901, 901 [1st Dept 1970]; see also Lubelle v Rochester Preserv. Bd., 158 AD2d 975, 976 [4th Dept 1990], lv denied 75 NY2d 710 [1990]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). This appeal must therefore be dismissed.
Contrary to petitioner's contention, "the exception to the mootness doctrine does not apply because [t]here is a realistic likelihood that the issues presented here will recur [in other cases] with an adequately developed record and with a timely opportunity for review' " (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 730 [2004]; see generally Hearst Corp., 50 NY2d at 714-715).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court