Matter of Wallace v Town of Grand Is. (2020 NY Slip Op 03301)





Matter of Wallace v Town of Grand Is.


2020 NY Slip Op 03301


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


194 CA 19-00925

[*1]IN THE MATTER OF GLENN H. WALLACE, PETITIONER-PLAINTIFF-APPELLANT,
v
TOWN OF GRAND ISLAND, TOWN BOARD OF TOWN OF GRAND ISLAND AND ZONING BOARD OF APPEALS OF TOWN OF GRAND ISLAND, RESPONDENTS-DEFENDANTS-RESPONDENTS. 






HOGANWILLIG, PLLC, AMHERST (SCOTT MICHAEL DUQUIN OF COUNSEL), FOR PETITIONER-PLAINTIFF-APPELLANT.
HODGSON RUSS LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered April 5, 2019 in a CPLR article 78 proceeding and declaratory judgment action. The order and judgment, among other things, granted respondents-defendants' motion for summary judgment dismissing the petition-complaint and for summary judgment on their counterclaim for injunctive relief. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously affirmed without costs.
Memorandum: In 2012, petitioner-plaintiff (plaintiff) purchased a single-family residence (subject premises) located in respondent-defendant Town of Grand Island (Town) for the purpose of renting it out on a short-term basis, i.e., for periods of less than 30 days. Plaintiff never resided at the subject premises. In 2015, the Town enacted Local Law 9 of 2015 (Local Law 9), which amended the Town Zoning Code to prohibit short-term rentals in certain zoning districts, except where the owner also resided on the premises. The Town enacted the law in response to significant adverse impacts to the community that it found were caused by permitting short-term rental of residential properties to occur. Local Law 9 contained a one-year amortization period—which could be extended up to three times upon application—during which preexisting short-term rental properties could cease operation.
Following the enactment of Local Law 9, plaintiff unsuccessfully applied for an extension of the amortization period and for a use variance permitting him to continue operating the subject premises as a short-term rental despite Local Law 9. He thereafter commenced this hybrid CPLR article 78 proceeding and declaratory judgment action. As relevant on appeal, plaintiff sought in his second cause of action a declaration that Local Law 9 is unconstitutional because it effected a regulatory taking of the subject premises. Respondents-defendants (defendants) moved for summary judgment dismissing the petition-complaint and for summary judgment on their counterclaim, which sought to enjoin plaintiff from using the subject premises as a short-term rental property in violation of Local Law 9. Plaintiff appeals from an order and judgment that, inter alia, granted defendants' motion. On appeal, plaintiff contends that Supreme Court erred in granting the motion with respect to the second cause of action. We affirm.
Initially, plaintiff contends that the court applied the wrong legal standard in determining that Local Law 9 did not effect a regulatory taking of the subject premises because it did not consider, in addition to the factors set forth in Penn Cent. Transp. Co. v New York City (438 US [*2]104, 124 [1978]), whether Local Law 9 "substantially advance[s a] legitimate State interest[]" (Seawall Assoc. v City of New York, 74 NY2d 92, 107 [1989], cert denied 493 US 976 [1989]; see generally Agins v City of Tiburon, 447 US 255, 260 [1980], abrogated by Lingle v Chevron U.S.A. Inc., 544 US 528 [2005]; Matter of Smith v Town of Mendon, 4 NY3d 1, 9 [2004]). We reject that contention because, in Lingle v Chevron U.S.A. Inc., the United States Supreme Court held "that the substantially advances' formula . . . is not a valid method of identifying regulatory takings for which the Fifth Amendment requires just compensation" (544 US at 545 [emphasis added]; see Consumers Union of U.S., Inc. v State of New York, 5 NY3d 327, 357 [2005]).
Where, as here, "the contested regulation falls short of eliminating all economically viable uses of the encumbered property" (Smith, 4 NY3d at 9), "a court must consider the factors identified in Penn Cent[.] Transp. Co." in determining whether there has been a regulatory taking (Consumers Union of U.S., Inc., 5 NY3d at 357; see Lingle, 544 US at 539). Those factors "includ[e] the regulation's economic effect on the landowner, the extent to which the regulation interferes with reasonable investment-backed expectations, and the character of the government action" (Smith, 4 NY3d at 9 [internal quotation marks omitted]; see generally Palazzolo v Rhode Island, 533 US 606, 617 [2001]; Penn Cent. Transp. Co., 438 US at 124).
In general, a property owner who challenges a land use regulation bears a heavy burden of "demonstrating that under no permissible use would the parcel as a whole be capable of producing a reasonable return or be adaptable to other suitable private use" (Spears v Berle, 48 NY2d 254, 263 [1979]; see Putnam County Natl. Bank v City of New York, 37 AD3d 575, 577 [2d Dept 2007], lv denied 8 NY3d 815 [2007]). To meet that burden, a property owner must "produce dollars and cents' evidence as to the economic return that could be realized under each permitted use" of the property (Spears, 48 NY2d at 263; see de St. Aubin v Flacke, 68 NY2d 66, 77 [1986]). Once the property owner has met his or her burden, the burden shifts to the municipality to rebut that evidence or "otherwise justify application of the" regulation (Spears, 48 NY2d at 263).
Contrary to plaintiff's contention, defendants established their entitlement to summary judgment dismissing the regulatory taking cause of action and, as noted, they were not required to show that Local Law 9 "substantially advance[d a] legitimate State interest[]" (Seawall Assoc., 74 NY2d at 107; see Lingle, 544 US at 545). In opposition, plaintiff failed to raise a triable issue of fact. Specifically, plaintiff did not submit evidence establishing that, due to the prohibition under Local Law 9 on short-term rentals, the subject premises was not capable of producing a reasonable return on his investment or that it was not adaptable to other suitable private use. Instead, plaintiff's submissions showed a "mere diminution in the value of the property, . . . [which] is insufficient to demonstrate a [regulatory] taking" (Concrete Pipe & Products of Cal., Inc. v Construction Laborers Pension Trust for Southern Cal., 508 US 602, 645 [1993]; see Penn Cent. Transp. Co., 438 US at 124). Indeed, plaintiff's submissions demonstrated that he had some economically viable uses for the subject premises, i.e., selling it at a profit or renting it on a long-term basis. It is immaterial that plaintiff cannot use the property for the precise manner in which he intended because a property owner "is not constitutionally entitled to the most beneficial use of his [or her] property" (Lubelle v Rochester Preserv. Bd., 158 AD2d 975, 976 [4th Dept 1990], lv denied 75 NY2d 710 [1990]; see Penn Cent. Transp. Co., 438 US at 130; Goldblatt v Town of Hempstead, N.Y., 369 US 590, 592 [1962]). Inasmuch as plaintiff did not submit "dollars and cents" proof that there was no permissible use of the property that would enable him to produce a reasonable return on his investment, he did not raise an issue of fact with respect to the second cause of action regarding whether Local Law 9 effects a regulatory taking (see generally de St. Aubin, 68 NY2d at 77; Spears, 48 NY2d at 263). Although plaintiff sought declaratory relief in the second cause of action, we note that, "even if [Local Law 9] effected a regulatory taking, the appropriate relief would be a hearing to determine just compensation,' not a declaration that the law is invalid" (Jones v Town of Carroll, 122 AD3d 1234, 1239 [4th Dept 2014], lv denied 25 NY3d 910 [2015]). Based on the above, we therefore conclude that the court properly granted that part of defendants' summary judgment motion seeking dismissal of the second cause of action.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court