Matter of Monserrate v Espinal (2021 NY Slip Op 03132)





Matter of Monserrate v Espinal


2021 NY Slip Op 03132


Decided on May 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2021-03134
 (Index No. 708837/21)

[*1]In the Matter of Hiram Monserrate, appellant,
v
Aridia Espinal, respondent, Commissioners of Board of Elections in the City of New York, et al., respondents-respondents.




DECISION & ORDER
In a hybrid proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating the petitioner/plaintiff as a candidate in a primary election to be held on June 22, 2021, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 21st Council District, and action, among other things, for declaratory relief, the petitioner/plaintiff appeals from a final order/judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated April 23, 2021. The final order/judgment, insofar as appealed from, denied those branches of the petition/complaint which were to validate the designating petition and for declaratory relief and dismissed those portions of the proceeding/action.
ORDERED that the final order/judgment is affirmed insofar as appealed from, without costs or disbursements.
On February 25, 2021, the Mayor of the City of New York signed Local Law No. 15 (2021) of City of New York, which amended the New York City Charter to disqualify individuals who have been convicted of certain federal crimes related to fraud and corruption from running for or being elected to, among other positions, Member of the New York City Council (see NY City Charter § 1139). In 2012, the petitioner/plaintiff was convicted of two disqualifying federal crimes.
On March 22, 2021, the petitioner/plaintiff filed a designating petition with the respondent Board of Elections in the City of New York (hereinafter the BOE) designating him as a candidate in a primary election to be held on June 22, 2021, for the nomination of the Democratic Party as its candidate for the public office of Member of the New York City Council, 21st Council District. On April 14, 2021, the BOE invalidated the designating petition. The petitioner/plaintiff commenced this hybrid proceeding pursuant to Election Law § 16-102, inter alia, to validate the designating petition and action, among other things, for certain declaratory relief. The Supreme Court, inter alia, denied those branches of the petition/complaint and dismissed those portions of the proceeding/action. The petitioner/plaintiff appeals.
The petitioner/plaintiff contends that the Supreme Court erred in failing to validate the designating petition because Local Law No. 15 is unconstitutional. Where the issue of the constitutionality of a local law is raised, and the municipality which enacted the law is not a party, that municipality "shall be notified and permitted to intervene in support of its constitutionality" (CPLR 1012[b][2]; see Matter of Stevens v Stevenson, _____ AD3d _____, 2021 NY Slip Op 03015 [*2][1st Dept]). Contrary to the petitioner/plaintiff's contention, the court correctly determined that he failed to properly provide notice of his constitutional challenge to the City of New York (see Matter of Stevens v Stevenson, _____ AD3d _____, 2021 NY Slip Op 03015).
Accordingly, the Supreme Court correctly denied those branches of the petition/complaint which were to validate the designating petition and for declaratory relief and dismissed those portions of this proceeding/action.
AUSTIN, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court