Nassau Prop. Invs., LLC v Goffe (2023 NY Slip Op 00429)

Nassau Prop. Invs., LLC v Goffe

2023 NY Slip Op 00429

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2019-09676
 (Index No. 602148/18)

[*1]Nassau Property Investors, LLC, plaintiff-respondent,
v
Jason Goffe, appellant, et al., defendants; Incorporated Village of Hempstead, intervenor-respondent.

William D. Friedman, Hempstead, NY, for appellant.
Robert Bichoupan, P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for plaintiff-respondent.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Rhoda Y. Andors of counsel), for intervenor-respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property, the defendant Jason Goffe appeals from a judgment of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered July 8, 2019. The judgment, insofar as appealed from, upon an order of the same court dated June 3, 2019, inter alia, upon renewal, in effect, vacating a prior order of the same court dated January 15, 2019, denying the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against that defendant, and thereupon granting the plaintiff's motion, is in favor of the plaintiff and against that defendant, inter alia, declaring that the plaintiff is the owner of the subject property, free and clear of all liens and encumbrances.
ORDERED that the judgment is affirmed insofar as appealed from, with one bill of costs.
The defendant Jason Goffe (hereinafter the defendant) owned residential property in Hempstead. As a result of the defendant's alleged failure to pay property taxes for the year 2014, the Treasurer of the Village of Hempstead (hereinafter the Treasurer) held a public auction on May 7, 2015 (hereinafter the tax lien sale), and thereafter executed a tax sale certificate certifying that nonparty BR Madison, LLC (hereinafter BR Madison), was the successful purchaser at the tax lien sale. After two years passed from the date of the tax lien sale without the defendant, or any other person interested in or having a lien upon the subject property, redeeming the tax sale certificate (see RPTL former 1464[1]), the Treasurer conveyed the subject property to BR Madison by deed dated January 25, 2018. By deed dated February 7, 2018, BR Madison conveyed the subject property to the plaintiff.
The plaintiff thereafter commenced this action pursuant to RPAPL article 15 against the defendant and others, for a judgment declaring that the plaintiff is the owner of the subject property, free and clear of all liens and encumbrances. After the defendant's initial default was vacated, the defendant interposed an answer asserting, inter alia, that the Treasurer's deed should be [*2]declared void as violative of due process and as an unconstitutional forfeiture. The Incorporated Village of Hempstead intervened in the action to support the constitutionality of its tax lien sale procedures.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant (hereinafter the prior motion). The defendant opposed the prior motion, and in an order dated January 15, 2019, the Supreme Court denied the prior motion on the threshold ground that there was insufficient proof of service upon the defendant of the notice of the tax lien sale. The plaintiff thereafter moved for leave to renew the prior motion, based upon new discovery responses from the Village. In an order dated June 3, 2019, the Supreme Court granted the plaintiff's motion for leave to renew the prior motion and, upon renewal, in effect, vacated the order dated January 15, 2019, and thereupon granted the prior motion. Judgment was subsequently entered, among other things, declaring that the plaintiff is the owner of the subject property, free and clear of all liens and encumbrances. The defendant appeals.
Contrary to the defendant's contention, the plaintiff sufficiently established that the notice of the tax lien sale was mailed to the defendant at the subject property by first-class mail. Upon renewal, the plaintiff submitted the Village's discovery responses describing their procedures for mailing notices of the annual tax lien sale. The plaintiff also submitted an affidavit of the Mail Messenger for the Village, who affirmed that he personally delivered the notice of the tax lien sale to the post office for delivery, and attached his mailing log evidencing the mailing. These submissions established, prima facie, that the notice was mailed to the defendant (see Ditech Fin., LLC v Connors, 206 AD3d 694, 696-697; CitiMortgage, Inc. v Goldberg, 197 AD3d 616, 618). The plaintiff further submitted evidence that the defendant received mail at the subject premises, and that the notice of the tax lien sale was not returned by the post office. Proof that a notice was properly addressed and mailed gives rise to a rebuttable presumption that the notice was received (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829; Assyag v Wells Fargo Bank, N.A., 186 AD3d 1303, 1306; Matter of Olivares v Rhea, 119 AD3d 866, 867). In opposition, the defendant failed to raise a triable issue of fact, as his bare denial of receipt of the notice was insufficient to rebut the presumption of delivery (see Assyag v Wells Fargo Bank, N.A., 186 AD3d at 1306; Lin v County of Sullivan, 100 AD3d 1076, 1079).
Contrary to the respondents' contentions, the defendant's constitutional challenges to the judgment are properly before this Court on the appeal, as they were raised before the Supreme Court and the respondents had an opportunity to present arguments to refute the contentions (see Dennis v Lakhani, 102 AD3d 651, 653). However, the defendant's constitutional challenges are without merit. Notice of the tax lien sale by publication pursuant to RPAPL former § 1452, supplemented by the unreturned notice by first class mail to the defendant's admitted home address, complied with constitutional requirements for due process, as the notice was "reasonably calculated, under all the circumstances" to apprise the defendant of the tax lien sale (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; see Jones v Flowers, 547 US 220, 226, 234; Mennonite Bd. of Missions v Adams, 462 US 791, 800; Kennedy v Mossafa, 100 NY2d 1, 11; cf. Quinn v Wright, 72 AD3d 1052, 1053-1054). Similarly, service of the notice to redeem by certified and first-class mail complied with due process. Although the certified copies of the notice to redeem were returned by the post office as undeliverable, the first-class mailings were not returned by the post office. Therefore, the sender had no reason to believe that the notice had not been received (see Matter of Harner v County of Tioga, 5 NY3d 136, 138; Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1042-1043; Matter of County of Sullivan [Matejkowski], 105 AD3d 1170, 1171; see also RPTL 1125[1][b][i]; cf. Jones v Flowers, 547 US at 234).
The defendant's remaining constitutional arguments are also without merit. The notice to redeem was not unconstitutionally vague. Further, the defendant's loss of equity in the subject property was not subject to the Excessive Fines Clause of the Eighth Amendment, as incorporated by the Fourteenth Amendment, as the loss of equity from the tax sale was not punitive (see Timbs v Indiana, _____ US _____, 139 S Ct 682, 689; Austin v United States, 509 US 602, 610; see also Continental Resources v Fair, 311 Neb 184, 202-204, 971 NW2d 313, 326-327; Bowles v Sabree, 2022 WL 141666, *12, 2022 US Dist LEXIS 8172, *30-31 [ED Mich, No. 20-12838 [*3](LVP)]; Freed v Thomas, 2021 WL 942077, *4-5, 2021 US Dist LEXIS 48524, *10-12 [ED Mich]).
Accordingly, upon renewal, the Supreme Court properly granted the plaintiff's prior motion, and entered a judgment, inter alia, declaring that the plaintiff is the owner of the subject property, free and clear of all liens and encumbrances.
CONNOLLY, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court