■ Hamid Kahen-Kashi et al., Respondents, v Florence Risman et al., Appellants, and Bank of New York as Trustee for Champion Home Equity Loan Trust 1996-3, Respondent, et al., Defendant. [777 NYS2d 755]—

In an action, inter alia, for a judgment declaring that a deed executed by the defendant Village of Great Neck conveying to the defendant certain real property formerly owned by the plaintiffs is void, the defendants Florence Risman and Village of Great Neck separately appeal, as limited by their briefs, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Warshawsky, J.), as denied their sepa-

rate motions for summary judgment dismissing the first cross claim asserted by the defendant Bank of New York as Trustee for Champion Home Equity Loan Trust 1996-3, granted that defendant's cross motion for summary judgment on its first cross claim, and declared that Local Law No. 6 (1994) of the Village of Great Neck was unconstitutional, and that the deed conveying the property to the defendant Florence Risman was void.

Ordered that the appeal by the defendant Florence Risman is dismissed as withdrawn, without costs or disbursements; and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from by the defendant Village of Great Neck; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendant Bank of New York as Trustee for Champion Home Equity Loan Trust 1996-3, payable by the defendant Village of Great Neck.

At oral argument of this matter, we were advised that the plaintiffs and the mortgagee had entered into a stipulation of settlement with the defendant Florence Risman, and that pursuant to the stipulation, Risman was withdrawing her appeal. The stipulation of settlement also provides that its terms will not be affected by the resolution of this appeal. We note, however, that the stipulation does not render the appeal of the Village of Great Neck academic. Generally, an appeal will be considered academic "unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]; *see Wisholek v Douglas,* 97 NY2d 740 [2002]). Since the order and judgment appealed from declared Local Law No. 6 (1994) of the Village of Great Neck (hereinafter Local Law No. 6) to be unconstitutional, the Village's rights are affected by the resolution of this appeal, and a live controversy remains for our review.

The constitutional guarantee of due process requires that a party who has a substantial property interest which may be affected by a tax lien sale receive notice that is "reasonably calculated" to apprise it of an impending sale (*Mullane v Central Hanover Trust Co.,* 339 US 306, 314 [1950]; *see Mennonite Bd. of Missions v Adams,* 462 US 791 [1983]; *Matter of McCann v Scaduto,* 71 NY2d 164 [1987]). Since "[n]otice by publication and posting is unlikely to reach those who . . . do not make unusual efforts to stay abreast of such notices," the taxing authority may not use such forms of indirect notice "where

there are inexpensive and efficient direct alternatives—such as personal delivery or mailing" (*Matter of McCann v Scaduto, supra* at 175). Accordingly, actual notice of a tax sale must be given to all parties with a substantial interest in the property whose names and addresses are "reasonably ascertainable" (*Mennonite Bd. of Missions v Adams, supra* at 800; *see also Matter of Zaccaro v Cahill,* 100 NY2d 884 [2003]; *Matter of McCann v Scaduto, supra; Congregation Yetev Lev D'Satmar v County of Sullivan,* 59 NY2d 418, 424 [1983]).

Here, Local Law No. 6 failed to comport with due process requirements because it authorized notice of an impending tax sale to be given by publication in accordance with Real Property Tax Law former § 1452, and made no provision for actual notice to be given to owners and mortgagees of record (*see Mennonite Bd. of Missions v Adams, supra; Matter of McCann v Scaduto, supra*). Accordingly, the Supreme Court properly declared Local Law No. 6 to be unconstitutional and voided the deed by which the Village conveyed the subject property to Risman, who purchased the premises at the tax foreclosure sale.

The Village's remaining contentions are without merit. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.