■ DENNIS QUINN, Doing Business as EMERALD ISLE FUNDING, Respondent, v REBECCA H. WRIGHT, Appellant, et al., Defendants. [900 NYS2d 135]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to certain real property, the defendant Rebecca H. Wright appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered August 24, 2009, as denied her motion, inter alia, to dismiss the complaint, to void the conveyance of the subject property on November 25, 2008, by the Incorporated Village of Hempstead to the plaintiff, and to remove the notice of pendency filed against the property, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and to dismiss her affirmative defenses and counterclaims.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the motion of the defendant Rebecca H. Wright which were to dismiss the complaint, to void the conveyance of the subject property on November 25, 2008, by the Incorporated Village of Hempstead to the plaintiff, and to remove the notice of pendency filed against the property, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for summary judgment on the complaint, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs.

In 1991 the defendant Rebecca H. Wright (hereinafter the defendant) purchased the subject property, located at 121 Cathedral Avenue in the Incorporated Village of Hempstead. The Village assessed a tax lien against the property due to unpaid taxes in 2004. For all that appears on this record, the Village furnished notification of the impending tax sale of the defendant's property by publication pursuant to Real Property Tax Law former § 1452. There is no indication that any other form of notice was provided. The plaintiff purchased tax sale certificate No. 0125 2004 with respect to the subject property on May 5, 2005, by paying 10% of the amount due. He paid the remaining balance for the tax sale certificate on May 23, 2005. Pursuant to Real Property Tax Law former § 1464, the defendant had two years in which to pay the outstanding taxes in order to redeem the tax lien and avoid the sale of her property. The tax lien was not redeemed within the two-year period.

On December 20, 2007, the plaintiff sent a notice to redeem to the defendant at 121 Cathedral Avenue by certified mail, return receipt requested in compliance with Real Property Tax Law former § 1464. The notice to redeem specified that a tax sale certificate was issued on May 5, 2005, for the subject property and that the defendant had six months from the date of the notice (i.e., until June 23, 2008) to pay the back taxes plus interest, and that if she did not do so, upon proper application, the Village Treasurer would convey the property to the plaintiff. Delivery attempts were made to the defendant's residence on December 22, 2007, December 27, 2007, and January 5, 2008, to no avail. The notice to redeem was eventually returned as "unclaimed." Since the tax lien was not redeemed within the six-month period specified within the notice to redeem, the plaintiff made an application to the Village Treasurer to convey the subject property to him, resulting in the issuance of a quitclaim deed to the plaintiff on November 25, 2008.

Posting by publication of an impending tax sale pursuant to Real Property Tax Law former § 1452 does not comport with the constitutional requirement of due process (see *Kahen-Kashi v Risman*, 8 AD3d 342 [2004]; *Matter of McCann v Scaduto*, 71 NY2d 164 [1987]). "Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party . . . if its name and address are reasonably ascertainable" (*DeVita v City of Poughkeepsie*, 296 AD2d 523, 525 [2002] [internal quotation marks omitted]). A notice to redeem that is served after the tax sale in a manner that provides adequate due process protections to the property owner

does not alleviate a failure to provide constitutionally-adequate notice of the tax sale (*see Szal v Pearson*, 289 AD2d 562 [2001]).

Here, the only notice of the tax sale the Village provided to the defendant was by publication. Such notice was akin to no notice at all and thereby deprived the defendant of her due process rights with respect to her property (*see Jones v Flowers*, 547 US 220 [2006]; *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306 [1950]). Under these circumstances, the conveyance of the defendant's property to the plaintiff on November 25, 2008, is null and void, notwithstanding that the plaintiff later properly served a notice to redeem on the defendant (*see Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391 [2006]; *see also Facchin v Pekich*, 232 AD2d 447 [1996]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.