Delacorte v Luyanda (2021 NY Slip Op 04009)





Delacorte v Luyanda


2021 NY Slip Op 04009


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-03553
 (Index No. 8529/13)

[*1]Mark Delacorte, etc., plaintiff, 
v
William Luyanda, et al., defendants, Wells Fargo Bank, N.A., respondent, City of Middletown, appellant (and a third-party action).


Alex Smith, Corporation Counsel, Middletown, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant City of Middletown appeals from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated January 25, 2018. The order, insofar as appealed from, granted the motion of the defendant Wells Fargo Bank, N.A., for summary judgment on its counterclaim insofar as asserted against the defendant City of Middletown for a judgment declaring that the deed conveying the subject property to the plaintiff's predecessor in interest was void for lack of due process, and denied that branch of the cross motion of the defendant City of Middletown which was for summary judgment dismissing that counterclaim insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the deed conveying the subject property to KI 12, LLC, is void for lack of due process.
This matter involves a parcel of land located at 19-21 Manhattan Avenue in Middletown (hereinafter the subject property). In September 2005, the defendant William Luyanda acquired title to the subject property. In October 2007, Luyanda borrowed $315,000 from the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo), and the loan was secured by a mortgage on the subject property. At a tax sale conducted on February 11, 2012, the plaintiff purchased the subject property for $10,000, and in August 2013 the plaintiff assigned his right to the subject property to KI 12, LLC (hereinafter KI). In September 2013, the defendant City of Middletown conveyed the subject property to KI by quitclaim deed.
In October 2013, KI commenced this action to quiet title to the subject property. After extensive motion practice in 2013 and 2014, including the vacatur of a previously entered default judgment, Wells Fargo interposed an answer with affirmative defenses and counterclaims in mid-September 2015, and also filed a notice of pendency. In January 2017, Wells Fargo amended its answer with affirmative defenses and counterclaims to add the City as a party defendant and to assert its counterclaims against the City. In February 2017, KI conveyed the subject property to the plaintiff, Mark Delacorte, and the parties entered into a written stipulation amending the caption to substitute him as the named plaintiff in place of KI. Thereafter, Wells Fargo moved for summary [*2]judgment on its first counterclaim, for a judgment declaring that the deed conveying the subject property to KI was void for lack of due process, as Wells Fargo, a mortgagee, had not received notice of the pending tax sale. The City cross-moved, inter alia, for summary judgment dismissing Wells Fargo's first counterclaim insofar as asserted against it. The Supreme Court, among other things, granted Wells Fargo's motion and denied that branch of the City's cross motion. The City appeals.
"The constitutional guarantee of due process requires that a party who has a substantial property interest which may be affected by a tax lien sale receive notice that is 'reasonably calculated' to apprise it of an impending sale" (Kahen-Kashi v Risman, 8 AD3d 342, 343, quoting Mullane v Central Hanover Trust Co., 339 US 306, 314). Thus, "actual notice of a tax sale must be given to all parties with a substantial interest in the property whose names and addresses are 'reasonably ascertainable'" (Kahen-Kashi v Risman, 8 AD3d at 344, quoting Mennonite Bd. of Missions v Adams, 462 US 791, 800). A mortgagee has a legally protected property interest and is legally entitled to notice of a pending tax sale (see Mennonite Bd. of Missions v Adams, 462 US at 798).
Here, the City Charter of the City of Middletown (hereinafter the Charter) requires only that notice of an impending tax lien sale be sent to the owners of any property to be sold at a tax sale. Mortgagees like Wells Fargo were given only post-sale notice of the opportunity to redeem the property before title was to pass to the tax lien sale purchaser. As such, the Charter fails to comport with due process requirements because it makes no provision for actual notice of impending tax sales to be given to mortgagees of record (see Kahen-Kashi v Risman, 8 AD3d at 344). Accordingly, the Supreme Court properly granted the motion of Wells Fargo for summary judgment on its first counterclaim, for a judgment declaring that the deed conveying the subject property to KI was void for lack of due process, and denied that branch of the City's cross motion which was for summary judgment dismissing Wells Fargo's first counterclaim insofar as asserted against it (see Muzio v Alfano-Hardy, 73 AD3d 1144, 1145; Quinn v Wright, 72 AD3d 1052, 1053).
The City's remaining contentions are without merit.
Since the counterclaim sought a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment, inter alia, declaring that the deed conveying the subject property to KI is void for lack of due process (see Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court