Bayview Loan Servicing, LLC v City of Middletown (2021 NY Slip Op 04006)





Bayview Loan Servicing, LLC v City of Middletown


2021 NY Slip Op 04006


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-14034
2021-01912
 (Index No. 2097/16)

[*1]Bayview Loan Servicing, LLC, respondent,
v
City of Middletown, appellant, et al., defendants.


Alex Smith, Corporation Counsel, Middletown, NY, for appellant.
Akerman LLP, New York, NY (Ashley S. Miller of counsel), for respondent.
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the defendant City of Middletown appeals from (1) an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated September 21, 2018, and (2) an order and judgment (one paper) of the same court dated January 2, 2019. The order, insofar as appealed from, denied the motion of the defendant City of Middletown for summary judgment dismissing the complaint insofar as asserted against it, and granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint insofar as asserted against the defendant City of Middletown. The order and judgment, insofar as appealed from, directed that the subject tax lien sale be vacated and expunged upon the condition that the plaintiff pay the entirety of the tax lien due, plus costs and interest.



DECISION & ORDER
Motion by the respondent to dismiss the appeal from the order on the ground that the right of direct appeal therefrom terminated upon the entry of the order and judgment. By decision and order on motion dated March 17, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment is affirmed insofar as appealed from, and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been [*2]considered on the appeal from the order and judgment (see CPLR 5501[a][1]; 5520[c]).
This matter involves a parcel of land located at 71 Commonwealth Avenue in Middletown (hereinafter the subject property). In June 2013, Bayview Loan Servicing, LLC (hereinafter Bayview), was assigned a note evidencing an outstanding loan of $181,649 and a mortgage encumbering the subject property. In 2012, Bayview's predecessor in interest had commenced an action to foreclose the mortgage. An amended judgment of foreclosure and sale dated September 22, 2014, was entered in the mortgage foreclosure action upon the borrowers' default. On December 6, 2014, the City of Middletown, without notice to Bayview, conducted a tax sale and sold the subject property to the defendant Praise God Corporation of New York for $650. In March 2016, Bayview commenced this action to quiet title to the subject property. The City interposed an answer with affirmative defenses, and subsequently moved for summary judgment dismissing the complaint insofar as asserted against it. Bayview opposed the City's motion, and cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the City. The Supreme Court denied the City's motion and, as relevant to this appeal, granted that branch of Bayview's motion which was for summary judgment on the complaint insofar as asserted against the City. The City appeals.
"The constitutional guarantee of due process requires that a party who has a substantial property interest which may be affected by a tax lien sale receive notice that is 'reasonably calculated' to apprise it of an impending sale" (Kahen-Kashi v Risman, 8 AD3d 342, 343, quoting Mullane v Central Hanover Trust Co., 339 US 306, 314). Thus, "actual notice of a tax sale must be given to all parties with a substantial interest in the property whose names and addresses are 'reasonably ascertainable'" (Kahen-Kashi v Risman, 8 AD3d at 344, quoting Mennonite Bd. of Missions v Adams, 462 US 791, 800). A mortgagee has a legally protected property interest and is legally entitled to notice of a pending tax sale (see Mennonite Bd. of Missions v Adams, 462 US at 798).
Here, section 93 of the City Charter of the City of Middletown (hereinafter City Charter section 93) does not provide for notice of pending tax lien sales to parties other than the owner, but provides only for post-sale notice 60 days prior to the divesting of all rights in the property. As such, City Charter section 93 fails to comport with due process requirements because it makes no provision for actual notice of impending tax sales to be given to mortgagees of record (see Kahen-Kashi v Risman, 8 AD3d at 344). Accordingly, the Supreme Court properly denied the City's motion for summary judgment dismissing the complaint insofar as asserted against it, and, as relevant to this appeal, granted that branch of Bayview's motion which was for summary judgment on the complaint insofar as asserted against the City.
The City's remaining contentions are without merit.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court