Matter of Smith v County of Suffolk (2022 NY Slip Op 02269)

Matter of Smith v County of Suffolk

2022 NY Slip Op 02269

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-09741
 (Index No. 4240/18)

[*1]In the Matter of Eugene Smith, etc., appellant,
v
County of Suffolk, respondent.

Thomas Teresky, Huntington, NY (Auerbach & Steinberg, P.C. [Robert G. Steinberg and Cartier Bernstein], of counsel), for appellant.
Dennis M. Cohen, County Attorney, Hauppauge, NY (Elaine M. Barraga of counsel), for respondent.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent/defendant to provide the petitioner/plaintiff with the requisite notices in connection with certain tax lien sales and, in effect, action for injunctive relief, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated May 22, 2019. The order and judgment granted the respondent/defendant's motion pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the petition and dismissed the proceeding.
ORDERED that the order and judgment is reversed, on the law, with costs, the respondent/defendant's motion pursuant to CPLR 3211(a) and, in effect, CPLR 7804(f) to dismiss the petition is denied, the petition is reinstated, the proceeding is converted into an action pursuant to RPAPL article 15 to determine adverse claims to real property, the petition is deemed to be the complaint (see CPLR 103[c]), and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings on the complaint.
On August 7, 2018, the petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 and, in effect, action for injunctive relief against the respondent/defendant, County of Suffolk, which had purchased tax liens on the subject property. The petitioner asserted that the first communication he received concerning the outstanding taxes was a letter dated June 6, 2017, which provided for a 10-day redemption period instead of the 6-month redemption period set forth in section 40-A of the Suffolk County Tax Act. He also alleged that the County failed to satisfy the due process requirements set forth in Mennonite Bd. of Missions v Adams (462 US 791). In an order and judgment dated May 22, 2019, the Supreme Court granted the County's motion pursuant to CPLR 3211(a)(5) and, in effect, CPLR 7804(f) to dismiss the petition as time-barred and dismissed the proceeding. The petitioner appeals.
The parties' submissions in connection with the County's motion to dismiss raise an important question as to whether the petitioner was given only post-sale notice of the opportunity to redeem the property but not notice of the impending tax lien sales, which would violate minimum due process requirements with respect to the legally protected property interests of a mortgagee (see [*2]Mennonite Bd. of Missions v Adams, 462 US at 798; Matter of McCann v Scaduto, 71 NY2d 164; Delacorte v Luyanda, 195 AD3d 898, 899-900; Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d 1030, 1032). Under the circumstances, we convert the proceeding into an action pursuant to RPAPL article 15 to determine adverse claims to real property, with the petition deemed a complaint (see Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d at 1032; Matter of T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d 776). The matter was timely commenced, since section 53 of the Suffolk County Tax Act provides that the presumption of regularity that arises when the County conveys real property becomes conclusive after the expiration of three years from the date of the recording of the tax deed, and no tax deed was issued in this case (see Matter of T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d at 781; cf. Ivins v County of Suffolk, 220 AD2d 388, 388).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings on the complaint, including the development of a record demonstrating what efforts, if any, the County made to notify the petitioner of the impending tax lien sales (see Matter of East W. Bank v L & L Assoc. Holding Corp., 144 AD3d at 1032; Bridgehampton Dev. Corp. v County of Suffolk, 26 AD3d 308, 310).
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court