# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #048

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **24th day of October, 2025** are as follows:

**BY Guidry, J.:**

2025-C-00151

BELAIRE DEVELOPMENT & CONSTRUCTION, LLC   VS.   SUCCESSION OF THEODORE SHELTON SR., ET AL. (Parish of St. Martin)

AFFIRMED IN PART; REVERSED IN PART. SEE OPINION.

Crain, J., concurs.
McCallum, J., concurs in the result.
Griffin, J., dissents and assigns reasons.

BELAIRE DEVELOPMENT & CONSTRUCTION, LLC

VS.

SUCCESSION OF THEODORE SHELTON SR., ET AL.

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of St. Martin

**GUIDRY, J.**

We granted certiorari in this consolidated case to consider whether the failure to provide pre-tax sale notice still results in an absolute nullity following the 2008 revision of Louisiana Revised Statutes Title 47, Subtitle III, Chapter 5, and to further determine the applicable prescriptive period for filing an action to annul a tax sale, when such action is filed as a reconventional demand to a petition to quiet title. For the reasons that follow, we find failure to provide pre-tax sale notice for tax sales occurring after January 1, 2009, the effective date of the revision, no longer renders a tax sale an absolute nullity. We further find that any action to annul a tax sale based on a relative nullity, as contemplated by La. R.S. 47:2286, when brought as a reconventional demand to a petition to quiet title, must be brought within the applicable prescriptive period set forth in La. R.S. 47:2287 and, in order to avoid entry of judgment in the quiet title action, must also be brought within the time limitation set forth in La. R.S. 47:2266.

## FACTS AND PROCEDURAL HISTORY

By way of a tax sale certificate dated June 6, 2017, Belaire Development &

Construction, LLC (Belaire) acquired a tax title to the interests of Theodore Shelton, Sr. and Patricia Brooks Shelton in certain immovable property located in St. Martin Parish, Louisiana due to the failure of the property owners to pay property taxes.[1] After the redemptive period expired, Belaire mailed notice to the Independent Executrix of the Succession of Theodore Shelton, Sr., Dehlice Shelton, at the address listed in the succession proceeding in accordance with the provisions of La. R.S. 47:2157.

On October 26, 2021, Belaire filed a Petition to Quiet Title to its interest, naming as defendants the Succession of Theodore Shelton, Sr., through the Executrix, Dehlice Shelton, and Patricia Brooks Shelton. Dehlice Shelton was personally served with the Petition to Quiet Title on June 6, 2022,[2] at the address listed in the succession proceeding. In response, she filed a Reconventional Demand, in proper person, on November 29, 2022, seeking to nullify the tax sale at issue because she had not received adequate pre-tax sale and post-tax sale notice.[3] Ms. Shelton also added as third-party defendant in reconvention, the City of Breaux Bridge (the City).[4]

Belaire and the City thereafter filed exceptions raising the objection of prescription, arguing that Ms. Shelton's action to annul the tax sale was prescribed because the reconventional demand was not filed within six months of her being "duly notified" as required by La. R.S. 47:2287(A)(1). The City also filed an exception raising the objection of no cause of action. Following a hearing, the trial

---

[1] Belaire purchased a ninety-nine percent interest in the property pursuant to the tax sale certificate dated June 6, 2017.

[2] Dehlice Shelton admitted in her affidavit, submitted in support of her opposition to the exceptions raising the objection of prescription, that she was personally served on June 6, 2022.

[3] Patricia Brooks Shelton, deceased and represented by court-appointed counsel, filed an answer to the petition to quiet title but did not join in the reconventional demand or file any other action seeking to nullify the tax sale or appeal from the trial court's judgment.

[4] The City had previously acquired the remaining one-percent interest in the property, but on November 9, 2021, the City transferred its one-percent interest to Belaire.

2

court sustained the exceptions raising the objection of prescription filed by Belaire and the City and dismissed all claims filed by petitioner in reconvention, Ms. Shelton, with prejudice. The trial court further denied the City's exception raising the objection of no cause of action as moot. Ms. Shelton filed a motion for new trial, which the trial court denied, and then filed a motion for devolutive appeal from the trial court's judgment.[5]

On appeal, the Third Circuit Court of Appeal reversed, finding Ms. Shelton's nullity action raised in her reconventional demand was not prescribed. The Third Circuit found La. R.S. 47:2266(A)(1) was "directly on point" and therefore, because Ms. Shelton was served with the Petition to Quiet Title on June 7, 2022,[6] and filed her reconventional demand on November 29, 2022, less than six months after receiving service of the Petition to Quiet Title, her reconventional demand was timely pursuant to La. R.S. 47:2266(A)(1). The Third Circuit further found that La. R.S. 47:2287 did not apply because that statute is predicated on the nullity being relative, whereas Ms. Shelton had alleged an absolute nullity in her reconventional demand, namely Belaire and the City's failure to provide pre-tax sale notice. As such, the Third Circuit found that the reconventional demand was not prescribed on its face, and Belaire and the City bore the burden of proving that the reconventional demand was prescribed and that the tax sale at issue was not absolutely null. Because the Third Circuit found that Belaire and the City did not meet their burden of establishing Ms. Shelton received pre-tax sale notice, but only established that Ms. Shelton received post-tax sale notice, the Third Circuit found that the trial court improperly granted Belaire's and the City's exceptions raising the objection of

---

[5] Ms. Shelton initially filed a motion for suspensive appeal but subsequently filed a motion to convert the suspensive appeal to a devolutive appeal.

[6] It is unclear why the Third Circuit referred to the date of service as "June 7, 2022," when Ms. Shelton stated in her affidavit an in her opposition to the exceptions raising the objection of prescription that she was served on June 6, 2022.

3

prescription, reversed the trial court's judgment, and remanded the matter to the trial court for further proceedings, including determination of whether the 2017 tax sale was absolutely null.

**DISCUSSION**

Belaire and the City assert that in reversing the trial court's judgment, the Third Circuit erroneously applied the law: (1) in finding that a tax sale that occurred in 2017, after the revision to Title 47 of the Louisiana Revised Statutes, could be absolutely null for failure to provide pre-tax sale notice and (2) in applying La. R.S. 47:2266, rather than La. R.S. 47:2287, in determining if Ms. Shelton's nullity action filed as a reconventional demand in the quiet title action was prescribed. We agree with both Belaire's and the City's arguments.

In 2008, the Louisiana Legislature revised Louisiana Revised Statutes Title 47, Subtitle III, Chapter 5, to amend, restate, and organize the law pertaining to property tax payment and collection procedure, tax sales, and adjudicated property. 2008 La. Acts No. 819. The purpose of these revisions was to reorganize the prior law into a single comprehensive Chapter, encourage the payment and efficient collection of property taxes, satisfy the requirements of due process, provide a fair process for the redemption of tax sale property, and otherwise encourage the return of such properties to commerce. La. R.S. 47:2121(A). The revisions became effective January 1, 2009.[7]

It is well-settled that, under the Fourteenth Amendment to the United States Constitution and La. Const. art. I, § 2, deprivation of property by adjudication must be preceded by notice and opportunity to be heard appropriate to the nature of the case. *Central Properties v. Fairway Gardenhomes, LLC*, 16-1855, pp. 8-9 (La. 6/27/17), 225 So. 3d 441, 447 (citing *Mullane v. Central Hanover Bank & Trust Co.*,

_____

[7] There is no dispute that the law at the time of the tax sale applies to our review of this matter. *See Central Properties v. Fairway Gardenhomes, LLC*, 16-1855, p. 10 (La. 6/7/17), 225 So. 3d 441,448.

4

339 U.S. 306, 313, 70 S.Ct. 652, 656-57, 94 L.Ed. 865 (1950); *Tietjen v. City of Shreveport*, 09-2116, pp. 4-5 (La. 5/11/10), 36 So. 3d 192, 194-95; *Smitko v. Gulf South Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So. 3d 750, 755-56.)  Thus, prior to instituting an action which will affect an interest in property, a state must provide "notice reasonably calculated under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657.  Additionally, the Supreme Court has recognized that because the sale of property for nonpayment of taxes is an action affecting a property right protected by the Due Process Clause of the Fourteenth Amendment, "[n]otice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party … if its name and address are reasonably ascertainable." *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S. Ct. 2706, 2712, 77 L.Ed.2d. 180 (1983).

Article VII, Section 25(A) of the Louisiana Constitution of 1974 requires the tax collector to provide notice "in the manner provided by law" of the tax delinquency and the tax sale to all owners of record of any interest in the property. *Central Properties*, 16-1855 at p. 10, 225 So. 3d at 447.  Prior to the 2008 revision to Title 47, Louisiana law consistently provided that a property owner must be given pre-sale notice reasonably calculated to apprise him of a pending tax sale, and absent such notice, the tax sale violated due process and was an absolute nullity.  *See Lewis v. Succession of Johnson*, 05-1192, pp. 8-9 & 17 (La. 4/4/06), 925 So. 2d 1172, 1177 & 1182.

Under the 2008 revision, however, there are now three statutorily enumerated grounds for nullifying a tax sale certificate.  Louisiana Revised Statute 47:2286 provides, in part, that "[n]o tax sale shall be set aside except for a payment nullity, redemption nullity, or a nullity under R.S. 47:2162, all of which are relative

5

nullities." The 2008 Official Revision Comments to La. R.S. 47:2286 reflect that "[i]n keeping with the emphasis of the revision, the important notice is a notice of the right to redeem" and "[t]herefore, the only reason a tax sale can be set aside or declared a nullity" is for one of these enumerated nullities, which are all "relative nullities since the nullities can be cured." La. R.S. 47:2286, Comments—2008, comment (b) and (c). These comments specifically note that "[a] tax sale can no longer be set aside for minor procedural violations in noticing the tax sale and in the conduct of the tax sale, etc." La. R.S. 47:2286, Comments—2008, comment (b).

Additionally, several Courts of Appeal have examined La. R.S. 47:2286 and have found, in interpreting that article and the 2008 revision to Title 47, that tax sales occurring subsequent to the effective date of the 2008 revision may no longer be attacked as absolute nullities for failure to provide pre-tax sale notice. *See e.g., Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 5 (La. App. 4 Cir. 6/10/20), 302 So. 3d 71,76, *writ denied*, 20-00870 (La. 10/14/20), 302 So. 3d 1120; *Alpha Capital US Bank v. White*, 18-0827, p. 6 (La. App. 1 Cir. 12/21/18), 268 So. 3d 1124,1129; and *Adair Asset Management, LLC v. Turney*, 50,574, pp. 20-21 (La. App. 2 Cir. 5/4/16), 195 So. 3d 501, 513, *writ denied*, 16-01347 (La. 11/7/16), 209 So. 3d 97.

In *Adair Asset Management, LLC,* the Second Circuit found "[a]fter the 2008 revision, … post-sale notice is now the important notice for due process, and due process is met as long as a person is duly notified," citing La. R.S. 47:2122(4). *Adair Asset Management, LLC*, 50,574 at p. 15, 195 So. 3d at 509. The Second Circuit found that "[u]nder the new Act, subsection 2122(4) clearly provides that due process notification can occur in one of several methods: 'under La. R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266.'" *Adair Asset Management, LLC*, 50,574 at p. 16, 195 So. 3d at 510. The Second Circuit further found that "[i]t was undoubtedly the aim of the

Louisiana Legislature to … create a regime that reconciles the requirements of due process under *Mennonite*, with a system that both provides a fair process for the redemption of tax sale properties and encourages the return to commerce of such properties subject to tax sale." *Adair Asset Management, LLC*, 50,574 at p. 20, 195 So. 3d at 513. As such, the Second Circuit found that under the 2008 revision to Title 47, a tax sale can no longer be found null for problems with pre-tax sale notice; rather, as applicable to that case, as long as post-tax sale notice of the right to redeem pursuant to La. R.S. 47:2156 is received by the tax sale parties more than six months before the end of the redemptive period, due process is satisfied. *Adair Asset Management*, *LLC*, 50,574 at pp. 22-23, 195 So. 3d at 514.

The First Circuit in *Alpha Capital US Bank* also found that since the 2008 revision to Title 47, the failure to give pre-tax sale notice to any tax notice party does not render the tax sale absolutely null, as any deficiency in pre-tax sale notice sent by the tax collector is cured by post-tax sale redemption notice sent by the tax sale purchaser pursuant to La. R.S. 47:2156. *Alpha Capital US Bank*, 18-0827, p. 9, 268 So. 3d at 1131.[8]

We note that the interpretation of any statutory provision starts with the language of the statute itself. When the provision is clear and unambiguous and its application does not lead to absurd consequences, the language must be given effect, and the provision must be construed so as to give effect to the purpose indicated by a fair interpretation of the language used. La. C.C. art. 9, La. R.S. 1:4; *Central Properties*, 16-1855 at p. 10, 225 So. 3d at 448. Furthermore, although the Official

---

[8] The First Circuit noted that this Court analyzed the new statutory scheme in *Central Properties* and held that the post-tax sale notice requirements set forth in La. R.S. 47:2156 and due process are satisfied when notice is provided by the tax sale purchaser, *i.e.* a private party, even though the tax collector fails to provide post-tax sale notice. *Alpha Capital US Bank*, 268 So. 3d at 1131 (citing *Central Properties*, 225 So. 3d at 441). The First Circuit further noted, that while the issue concerning necessity of providing pre-tax sale notice was not squarely addressed in *Central Properties*, this Court favorably cited and discussed *Adair Asset Management, LLC* in *Central Properties*. *Alpha Capital US Bank*, 268 So. 3d at 1131.

Revision Comments connected with statutes are not the law, they can be useful in determining legislative intent. *Central Properties*, 16-1855 at p. 11, 225 So. 3d at 448.

Considering the plain language of La. R.S. 47:2286, it is clear that following the 2008 revision to Title 47, a tax sale cannot be set aside except for a payment nullity, a redemption nullity, or a nullity under R.S. 47:2162, all of which are relative nullities that may be cured. The 2008 Official Revision Comments following La. R.S. 47:2286 further express the legislature's intent and purpose that post-tax sale notice, specifically notice of the right redeem, is the important notice, not pre-tax sale notice, and therefore, a tax sale can no longer be set aside for minor procedural violations in noticing a tax sale and in the conduct of the tax sale. La. R.S. 47:2286, Comments—2008, comment (b). Accordingly, we agree with the line of cases finding that tax sales occurring subsequent to the effective date of the 2008 revision to Title 47 may no longer be attacked as absolute nullities and as such, find that the Third Circuit erred in finding that a failure to provide pre-tax sale notice results in an absolute nullity for a tax sale that occurred after the 2008 revision to Title 47.[9]

---

[9] We note that our decision is limited to the particular issue placed before this court, *i.e.*, whether, following the 2008 revision to Title 47, the failure to provide pre-tax sale notice results in an absolute nullity for a tax sale that occurred after the effective date of the 2008 revision. Ms. Shelton asserts on appeal that La. Const. art. VII, §25(A) requires a tax collector to provide both pre-tax sale notice and post-tax sale notice. We have consistently held that because the provisions of the Louisiana Constitution are not grants of power but instead are limitations on the otherwise plenary power of the people, exercised through the legislature, the legislature may enact any legislation that the constitution does not prohibit. *City of New Orleans v. Louisiana Assessors' Retirement and Relief Fund*, 05-2548, pp. 11-12 (La. 10/1/07), 986 So. 2d 1, 12. As detailed above, the legislature revised Title 47, Subtitle III, Chapter 5, and made clear its intent that the important notice for tax sale purposes was the notice of the right to redeem, and that problems with pre-tax sale notice no longer create a nullity action. *See* La. R.S. 47:2153—Comments 2008, comment (d) and La. R.S. 47:2286—Comments 2008, comment (b). Therefore, to the extent that Ms. Shelton's argument can be construed as asserting that the legislature's enactment of the 2008 revision to Title 47 violates La. Const. art. VII, §25(A), we note that Ms. Shelton did not specifically plead constitutionality in the trial court nor did she follow the proper procedure for asserting such a claim. *See Huber v. Midkiff*, 02-0664, p. 8 (La. 2/7/03), 838 So. 2d 771, 776 (noting that the long-standing jurisprudence of this state requires not only that a statute's constitutionality be questioned in the trial court and specifically pled and the grounds particularly claimed in a pleading but also mandates that the attorney general be served with a copy of the pleading challenging the statute's constitutionality). As such, the issue of whether the 2008 revision to Title 47 violates La. Const. art. VII, §25(A), or any other constitutional challenge, is not properly before this court, and we are constrained to decide the case before us based on the application of the statutory law, for to ignore this law would be to issue a *de facto* ruling on its

Ms. Shelton asserts that La. R.S. 47:2153, regarding notice of delinquency and tax sale, was amended by 2012 La. Acts No. 836 and restored state-constitutional pre-tax sale due process protection for "tax sale parties" and affords tax sale parties the right to invoke an absolute nullity in the absence of such notice. Louisiana Revised Statute 47:2153(C)(1), as amended, provides:

> In the absence of actual notice of the sale to a tax sale party, including a transferee, or the demonstration of a reasonable effort to provide notice, where the name and address of the tax sale party were reasonably ascertainable or where the transfer was recorded after the tax collector completed his pre-sale tax sale party research, the tax collector shall cancel the sale of the property and refund the tax sale purchaser the tax sale purchase price.

However, we find Ms. Shelton's argument misplaced. Comment (d) of the 2008 Official Revision Comments to this article specifically provides "[s]ince under the revision to the Chapter the only causes for nullity are a redemption nullity (La. R.S. 47:2122), a payment nullity (La. R.S. 47:2122), or a sale to a prohibited buyer (La. R.S. 47:2162), problems with the notice or the publication do not create a nullity action", citing La. R.S. 47:2286. It is assumed that the legislature was aware of existing statutes when it amended La. R.S. 47:2153 in 2012,[10] yet the legislature neither included language in the statute stating that an action for absolute nullity lies for failure to provide pre-tax sale notice nor did it otherwise indicate that it was changing the law and reviving an absolute nullity for failure to provide pre-tax sale notice. Therefore, absent any indication that the legislature was departing from the purpose and language of the 2008 revision to Title 47, we fail to find that La. R.S.

---

constitutionality. *See Caddo-Shreveport Sales and Use Tax Commission v. Office of Motor Vehicles through Department of Public Safety and Corrections*, 97-2233, p. 6 (La. 4/14/98), 710 So. 2d 776, 780 (noting that when a constitutional challenge is made, the question is whether the constitution limits the legislature, either expressly or impliedly, from enacting the statute at issue, as the constitution is the supreme law, to which all legislative acts must yield).

[10] *See M.J. Farms, Ltd. V. Exxon Mobil Corp.*, 07-2371, p. 13 (La. 7/1/08), 998 So. 2d 16, 27.

47:2153 affords Ms. Shelton the right to invoke an absolute nullity for failure to provide pre-tax sale notice.[11]

Having found that the tax sale at issue may not be attacked as an absolute nullity, we must now determine whether Ms. Shelton's nullity action, raised as a reconventional demand to Belaire's Petition to Quiet Title, is prescribed. Louisiana Revised Statute 47:2287, titled Time in Which to File an Action for Nullity; Defenses, establishes prescriptive periods for actions to nullify a tax sale, providing, in pertinent part:

> A. Any action to annul a tax sale on the grounds of a redemption nullity shall be brought before the earlier of:
>
> (1) Six months after a person is duly notified using a notice, other than the notice provided in R.S. 47:2156 that is sent between the time that the redemptive period ends and five years after the date of the recordation of the tax sale certificate.
>
> (2) If a person is duly notified more than five years after the date of the recordation of the tax sale certificate, sixty days after the person is duly notified.
>
> B. An action to annul a tax sale on grounds of a payment nullity shall be brought before the later of:
>
> (1) Five years after the recordation of the tax sale certificate.
>
> (2) If the person bringing the action was not duly notified at least sixty days before the end of that five-year period, then within sixty days after the date that the person was duly notified.
>
> C. When a nullity action is asserted as a reconventional demand in a quiet title action or as an intervention in a quiet title action or monition proceeding, the nullity shall be asserted within the time specified for a reconventional demand in the action or proceeding.

The 2008 Official Revision Comments, comment (d), provide: "In addition to Subsections A and B, actions for nullity brought as a reconventional demand … must also be brought within time periods specified for such actions in the applicable

---

[11] We note that La. R.S. 47:2153 was amended again by the legislature, effective January 1, 2026, and rewrites the statute to provide for notice of tax delinquency and tax sale auctions. Subparagraph D of amended La. R.S. 47:2153 provides: "The failure of the tax collector to properly advertise the tax lien auction as specified in this Section shall not be a basis to annul the tax lien auction under La. R.S. 47:2286." *See* 2025 La. Acts No. 411 (effective January 1, 2026).

proceedings." Accordingly, La. R.S. 47:2287(A) and (B) set forth specific prescriptive periods for filing a nullity action based on a redemption nullity or a payment nullity. Subparagraph C, as indicated by the Official Revision Comments, further provides that if a party chooses to bring a nullity action as a reconventional demand or an intervention in a quiet title action, such action must also be filed within the time specified for a reconventional demand or an intervention in the action or proceeding.

Louisiana Revised Statute 47:2266, relating to the procedure to quiet tax titles, provides, in part, that the petition to quiet title shall contain a "notice that the title and full ownership in the property will be confirmed unless a proceeding to annul is instituted within six months after the date of service of the petition and citation" and "[i]f no proceeding to annul the sale has been instituted after the lapse of six months after the date of service of petition and citation, judgment shall be rendered quieting and confirming the title and the full ownership interest therein." La. R.S. 47:2266(A)(1) and (2).

Reading La. R.S. 47:2287 and La. R.S. 47:2266 together, it is clear that an action to annul a tax sale on the ground of a redemption nullity or a payment nullity must be brought within the prescriptive periods specified in La. R.S. 47:2287(A) or (B), but if the nullity action is brought as a reconventional demand in a quiet title action, it must also be brought within six months of service of the petition to quiet title to prevent judgment from being entered confirming the title and full ownership interest in the property. *See* La. R.S. 47:2266(A)(1) and (2) and 47:2287(C). This interpretation harmonizes and reconciles the specific prescriptive periods for filing nullity actions set forth in La. R.S. 47:2287 and the procedural provisions relating to the filing of a petition and rendering of judgment in a quiet title action in La. R.S. 47:2266. *See M.J. Farms, Ltd. v. Exxon Mobil Corporation*, 07-2371, p. 14 (La. 7/1/08), 998 So. 3d 16, 27.

11

As such, we must now examine Ms. Shelton's reconventional demand to determine whether the redemption nullity[12] action asserted therein is prescribed. Ordinarily, the exceptor bears the burden of proof at trial of the peremptory exception. *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So. 2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 01-2707 at p. 7, 828 So. 2d at 508.

Louisiana Revised Statute 47:2287(A)(1)[13] mandates that a nullity action based on a redemption nullity must be brought within six months of being "duly notified." According to La. R.S. 47:2122(4)(a), "duly notified" means "an effort meeting the requirements of due process of law has been made to identify and to provide that person with a notice that meets the requirements of R.S. 47:2156, 2157, 2206, 2236, or 2275, or with service of a petition and citation in accordance with R.S. 47:2266, regardless of … [w]hether the effort resulted in actual notice to the person." Ms. Shelton alleged that she filed her reconventional demand within six months of receiving personal service of the Petition to Quiet Title. As such, pursuant to La. R.S. 47:2122(4), Ms. Shelton alleged that she filed suit within six months of being duly notified by service of the Petition to Quiet Title in accordance with La. R.S. 47:2266. Thus, it appears that her reconventional demand is not prescribed on its face, and Belaire and the City bore the burden of proving that her nullity action was prescribed.

---

[12] "Redemption nullity" is defined in La. R.S. 47:2122(10) as "the right of a person to annul a tax sale in accordance with R.S. 47:2286 because he was not duly notified at least six months before the termination of the redemptive period." In addition to her argument regarding lack of pre-tax sale notice, Ms. Shelton also alleged that she failed to receive post-tax sale notice from Belaire or the Tax Collector of St. Martin Parish within the applicable redemptive period pursuant to La. R.S. 47:2156.

[13] At the time Belaire provided notice to Ms. Shelton, five years had not elapsed since the recordation of the tax sale certificate as the tax sale occurred in 2017. Therefore, La. R.S. 47:2287(A)(1) applies.

Belaire and the City assert that Ms. Shelton was previously duly notified pursuant to La. R.S. 47:2157 on August 11, 2020, when notice was mailed to her address listed in the succession proceeding. Louisiana Revised Statute 47:2157 provides, in pertinent part:

A. (1) Upon the expiration of the applicable redemptive period, the tax sale purchaser may send a notice to a tax sale party whose interest the tax sale purchaser intends to terminate that the party has until the later of:

(a) Sixty days after the date of the notice provided in this Subsection, if five years have elapsed from the filing of the tax sale certificate to challenge, in a court of competent jurisdiction, the tax sale.

(b) Six months after the date of the notice if five years have not elapsed from the filing of the tax sale certificate, to challenge, in a court of competent jurisdiction, the tax sale.

(2) This notice shall constitute a notice of sale, and sending of this notice shall constitute the service of the notice of sale under Article VII, Section 25 of the Louisiana Constitution. This notice shall be sufficient without regard to whether the notice of the tax sale or any other notice has been given. The notice shall be sufficient if it is in the following form:

"This is an important legal notice.
Please read it carefully. You will receive no further notice.
[Date]

[Name]

[Address]

[City], [ST] [Zip]

RE:    Property:    [Property Address]
                    [Description of Property Abbr]
                    Parish of _____, State of Louisiana

Tax sale title to the above described property has been sold for failure to pay taxes. You have been identified as a person who may have an interest in this property.

Your interest in the property will be terminated if you do not file a lawsuit in accordance with law within [60 days] [6 months] of the date of this notice."

13

The 2008 Official Revision Comments, comment (b), further provide "Nothing in Subsection A limits the method by which the notice is sent. It can be sent by ordinary mail, certified mail, return receipt requested, email or other electronic means, or by a combination of methods," citing La. R.S. 47:2122.

The record demonstrates that Belaire sent notice to Ms. Shelton on August 11, 2020, via ordinary mail to the address listed in the succession proceeding. The notice contained Ms. Shelton's name and her address (in addition to the names of the two other heirs in the succession proceeding) and listed the property address, property description, and parish where the property is located. The notice informed Ms. Shelton that the described property had been sold for failure to pay taxes and that she had been identified as a party who may have an interest in the property. Finally, the notice informed Ms. Shelton that her interest in the property would be terminated if she did not file a lawsuit in accordance with law within 60 days of the date of the notice.

However, as five years had not elapsed since the filing of the tax sale certificate (the tax sale did not occur until 2017 and notice was sent in 2020), the notice incorrectly informed Ms. Shelton that she had 60 days, rather than six months to challenge the tax sale. *See* La. R.S. 47:2157(A)(1). To be "duly notified," an effort meeting the requirements of due process of law had to be made to identify and to provide notice to Ms. Shelton with notice meeting the requirements of La. R.S. 47:2157. *See* La. R.S. 47:2122(4). A fundamental requirement of due process in any proceeding that is to be accorded finality is notice reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane*, 339 U.S. at 314, 70 S.Ct. at 657. If a notice does not contain the correct time period within which a party can challenge a tax sale, it does not afford them an opportunity to present their objections and thus, does not meet the requirements of due process. Accordingly,

14

because the August 11, 2020 notice did not inform Ms. Shelton of the correct time period within which she had to challenge the tax sale, it did not meet the requirement of due process of law nor did it meet the requirements of La. R.S. 47:2157. *See* La. R.S. 47:2157(A)(1) and (2); La. R.S. 47:2122(4). Therefore, we find that Belaire and the City failed to establish that Ms. Shelton was duly notified when Belaire mailed the August 11, 2020 notice. Furthermore, because Belaire and the City do not dispute that Ms. Shelton's redemption nullity action would otherwise be timely, as it was filed within six months of her receiving service of the Petition to Quiet Title, Belaire and the City failed to establish that Ms. Shelton's reconventional demand was prescribed. *See* La. R.S. 47:2122(4) and La. R.S. 47:2287(A)(1).

## CONCLUSION

For the foregoing reasons, we find that Belaire and the City failed to establish that Ms. Shelton's reconventional demand asserting a redemption nullity was prescribed. Accordingly, we affirm the ruling of the Third Circuit to the extent that it found that the trial court erred in sustaining Belaire's and the City's exceptions raising the objection of prescription. In all other respects, we reverse the Third Circuit's ruling. We remand this matter to the trial court for further proceedings.

**AFFIRMED IN PART; REVERSED IN PART.**

15

BELAIRE DEVELOPMENT & CONSTRUCTION, LLC

VS.

SUCCESSION OF THEODORE SHELTON SR., ET AL.

*On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of St. Martin*

**GRIFFIN, J., dissents and assigns reasons**.

Because the majority opinion allows property to be sold at a tax sale without giving property owners or their representatives notice of tax delinquency or pending tax sale, I respectfully dissent.

Dehlice Shelton became Executrix of her father's estate after his death in 2009. The property in this case was sold at tax sale in 2017. There is no evidence that Ms. Shelton was ever given pre-sale notice of a pending tax sale or of any attempt to provide such notice. Notice to her deceased parents was returned as undeliverable. The only notice sent to Ms. Shelton was post-sale notice, nearly three years after the sale (which she did not receive) and the petition to quiet title some five years after the initial sale.

Parties having interests in property subject to tax sale are entitled to pre-sale notice or attempts at such reasonably calculated to achieve actual notice. La. Const. art. I § 2, U.S. Const. amend. XIV; *Mennonite Board of Missions v. Adams,* 462 U.S. 791, 800 (1983); *Quantum Resources Management, L.L.C., v. Pirate Lake Oil Corp.*, 12-1472, pp. 6-7 (La. 3/19/13), 112 So. 3d 209, 214-215. This Court has held that, post-*Mennonite*, any tax sale completed without pre-sale notice is absolutely null as

a constitutional matter. *Quantum*, 12-1472, p. 13; 112 So. 3d at 218-219 (noting that this Court's prior holding that lack of pre-sale notice was a relative nullity was "effectively overruled" by *Mennonite*), s*ee also Hamilton v. Royal Int'l Petroleum Corp.*, 05-846, p. 6 (La. 2/22/06), 934 So. 2d 25, 30-31 (pre-sale notice is "mandatory and failure to give this notice is constitutional grounds for the annulment of the sale"). The majority's reliance on changes in statutory law is misplaced, because "[t]he decision in *Mennonite* sets forth a federal constitutional requirement; thus, its holding regarding standards for notice cannot be altered by a state statute[.]" *Henderson v. Kingpin Dev. Co.*, 01-2115, p. 9 (La. App. 1 Cir. 8/6/03), 859 So. 2d 122, 129. The majority contravenes the pre-sale notice requirement of *Mennonite*, *Quantum*, and *Hamilton* – if post-sale notice can cure a complete absence of pre-sale notice, then governments can cease giving notice of pending sale and of tax delinquency entirely. Several other courts around the country have reasoned similarly, at times regardless of whether title immediately transferred with the act of sale.[1] Thus, the tax sale here is absolutely null as a constitutional matter, regardless of changes in the statutes.

---

[1] *See e.g., Smith v. Cnty. of Suffolk,* 204 A.D.3d 679, 680, 163 N.Y.S.3d 831, 832 (2022); *Delacorte v. Luyanda*, 195 A.D.3d 898, 150 N.Y.S.3d 303, 305 (2021); *Oneida Indian Nation of New York v. Madison Cnty.*, 665 F.3d 408, 434, note 23 (2nd Cir. 2011) (collecting authorities from New York State cases); *Quinn v. Wright*, 72 A.D.3d 1052, 1053–54, 900 N.Y.S.2d 135, 136–37 (2010) ("A notice to redeem that is served after the tax sale in a manner that provides adequate due process protections to the property owner does not alleviate a failure to provide constitutionally-adequate notice of the tax sale."); *Inv. Corp. of Virginias v. Acquaviva*, 302 S.W.3d 195, 199 (Mo. Ct. App. 2009). While one Arkansas appellate court decision said pre-sale notice is not required where full ownership had not yet been transferred, this result has been rejected by these other courts and was expressly rejected by the Vermont Supreme Court. *See Hogaboom v. Jenkins*, 196 Vt. 18, 26-28 (2014) (rejecting *Morris v. LandNPulaski*, LLC, 309 S.W.3d 212 (Ark.Ct.App.2009) and holding that post-sale notice sent out prior to end of redemption period, and before actual transfer of property ownership, did not cure constitutional defect in pre-sale notices). Like the statute at issue in *Jenkins*, the Louisiana statute does not automatically transfer ownership at the time of sale but does impose additional burdens on the interested parties. *See e,g.,* La. R.S. 47:2244 (noting additional payments after tax sale for redemption) and La. R.S. 47:2247 (noting other additional costs for redemption). Moreover, this is a distinction without a difference as, under the majority opinion, property owners can be judged tax delinquent and others can be given interests in their property without the owners ever being sent notice of any kind.

Ms. Shelton's claims are not prescribed as per statutory law. La. R.S. 47:2287(A) would have required Ms. Shelton to file her suit within six months of the attempted post-sale notice in 2020. However, La. R.S. 47:2287 (C) notes that when an action is brought as a reconventional demand in a quiet title claim, then the action could be filed within six-months of service as *per* La. R.S. 47:2266(A) – Ms. Shelton was served with the petition in 2022 and filed her reconventional demand within six-months of that date.

Relying on Comment (d) to La. R.S. 47:2287, Belaire, the City, and the majority argue that Ms. Shelton would have had to meet *both* time periods to avoid prescription. This interpretation of this comment should not control, as it presents a constitutional issue as to whether these due process claims can prescribe,[2] leads to superfluity, and contradicts the otherwise plain language of the law. It would have been logically impossible for Ms. Shelton to comply with both periods without leading to duplicative litigation or rendering the provisions relative to reconventional demands in quiet title actions superfluous. Had Ms. Shelton filed her claim within six months of the attempted 2020 service, there would have been no need for her to file anything in 2022, as the claims would already be subject to litigation or resolved. Absent Comment (d), the plain language of La. R.S. 47:2287 (C) indicates it is an alternative means of relief:

> "When a nullity is asserted as a reconventional demand in a quiet title action or as an intervention in a quiet title action or monition proceeding, the nullity shall be asserted within the time specified for a reconventional demand or intervention in the action or proceeding."

Had the legislature intended to make Subsection (C) an additional burden, it could have done so by adding the word "also," or similar language as it did with other property tax provisions. *See e.g.*, La. R.S. 47:2238.9, 47:1836, 47:2330, 47:2158.1.

---

[2] *See e.g., Smith v. Brooks*, 97-1338, p. 7 (La. App. 3 Cir. 4/15/98), 714 So. 2d 735, 739, *Lacoste Builders, L.C. v. Strain*, No. CIV.A. 03-0511, 2003 WL 22466233, at *4 (E.D. La. Oct. 29, 2003) (collecting authorities).